

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chen v. Atty Gen USA" (2005). *2005 Decisions*. Paper 698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2180
_____

QIU RONG CHEN,
                    Petitioner

v.

*Attorney General
of the United States,
                    Respondent

*(Pursuant to F.R.A.P. 43(c))

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No.  79-417-364)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 22, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: August 16,2 005  )

_____

OPINION
_____

PER CURIAM

I.

Qiu Rong Chen, a native and citizen of the People's Republic of China entered the United States in August 2001. Chen conceded her removability for not having proper documentation, 8 U.S.C. § 1182(a)(7)(A)(i)(I), and sought political asylum based on her Falun Gong[1] activities. The Immigration Judge ("IJ") found Chen's testimony not credible and denied asylum, statutory withholding of removal, and relief under the Convention Against Torture. The IJ further noted that if, upon review, Chen's testimony is found to be credible, then a grant of asylum would be appropriate. The Board of Immigration Appeals ("BIA") affirmed without opinion. Chen now petitions for review.

II.

Where, as in this case, the BIA defers to the IJ's decision, the Court reviews the IJ's adverse credibility determination under the substantial evidence standard. Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003). We will uphold the IJ's findings "to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did." Id. (quotations omitted).

---

[1] Falun Gong is a practice that "blends aspects of Taoism, Buddhism, and the meditation techniques of Qigong (a traditional martial art) with the teachings of Li Hongzhi." Gao v. Ashcroft, 299 F.3d 266, 267 (3d Cir. 2002) (quotations omitted). For immigration purposes, Falun Gong is viewed as an imputed political opinion and a religion. Zhang v. Ashcroft, 388 F.3d 713, 719-20 (9th Cir. 2004).

We have reviewed the record in its entirety and we find that the IJ's adverse credibility determination supported by reasonable and substantial evidence. In particular, there are discrepancies between Chen's credible fear interview, asylum application, and testimony that involve the heart of her asylum claim. In her asylum application Chen stated that she practiced Falun Gong in China every Sunday, whereas she testified that she practiced once or twice a month on Mondays. A.R. 53, 76, 91, 168. At her credible fear interview, conducted ten days after her arrival in the United States, Chen stated that her parents had been detained, but on cross examination at the hearing she testified that her parents had never been detained. A.R. 54-55, 98, 184. In the asylum application Chen stated that after her two days of detention in May 2001 her parents were "very worried" and decided to send her away, but at the hearing Chen testified that she left because after her May arrest the police learned she was still practicing Falun Gong and in July 2001 came to her house to arrest her again. A.R. 55, 83, 169. These discrepancies and omissions are directly related to Chen's claim of persecution, and as such provide an adequate basis for the IJ's adverse credibility determination. See Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004) (recognizing that discrepancies involving the heart of the asylum claim provide basis for adverse credibility findings, whereas minor inconsistencies that reveal nothing about applicant's fear do not support adverse credibility findings).

Accordingly, we will deny the petition for review.

3